**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY KURTZ; STARR TAXMAN, | No. 08-55781 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-03369-MMM-FMO |
| v. | |
| ALLSTATE INSURANCE COMPANY, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted November 2, 2009
Pasadena, California

Before: SCHROEDER, SILER,[**] and IKUTA, Circuit Judges.

The district court erred in ruling that the spreadsheets included in the Kurtz

declaration were inadmissible under Rule 1006 of the Federal Rules of Evidence.

The spreadsheets did not seek to prove the "contents" of underlying receipts but

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

rather to establish the fact of damages; therefore, Rule 1002, to which Rule 1006 operates as an exception, was not applicable. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) (citing Fed. R. Evid. 1002 Advisory Committee's note); *see also United States v. Gonzales-Benitez*, 537 F.2d 1051, 1053–54 (9th Cir. 1976). Furthermore, because Kurtz had first-hand knowledge of the expenditures and actions to which he testified, his declaration was sufficient to demonstrate such expenditures and the submission of claims to Allstate for purposes of summary judgment, even though his declaration was uncorroborated. *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999). In addition, the district court erred in determining that the parties' statement of undisputed facts constituted an admission that they had resolved all claims relating to personal property losses associated with the water damage. Taking the facts in the light most favorable to Kurtz, the statement of undisputed facts indicated that most but not all such claims had been resolved. Because the spreadsheets and Kurtz declaration were admissible, and the personal property losses had not been fully resolved, Kurtz created a genuine issue of material fact with respect to damage caused by submitted and unpaid claims related to structural repairs, personal property loss, and additional living expenses.

The district court also erred in determining that Kurtz had failed to create a genuine issue of material fact with respect to Allstate's failure to fulfill its

contractual obligations relating to damage allegedly caused by IRSCO. Viewing the evidence in the light most favorable to Kurtz, Allstate hired IRSCO as an agent pursuant to the insurance policy's "right of repair" provision. Under these circumstances, IRSCO's negligence in connection with the fire-related structural repairs and personal property loss may constitute a breach of the insurance agreement, and Allstate may be held liable for such a breach.

Finally, the district court based its conclusion that Kurtz had failed to create a genuine issue of material fact with respect to Allstate's alleged breach of the covenant of good faith and fair dealing on its erroneous holding that there was no material evidence that a breach of the insurance contract had occurred. The grant of summary judgment on these claims was thus also erroneous.

**REVERSED AND REMANDED.**